In the Matter of the Application for DISCIPLINARY ACTION AGAINST Cheryl L. SCHUBERT–MADSEN, a Member of the Bar of the State of North Dakota.

DISCIPLINARY BOARD OF the Supreme COURT OF the STATE OF NORTH DAKOTA, Petitioner,

v.

Cheryl L. SCHUBERT–MADSEN, Respondent.

Nos. 950138–950140.

Supreme Court of North Dakota.

May 31, 1995.

## ORDER OF SUSPENSION

On May 8, 1995, the Disciplinary Board of the Supreme Court filed its Report, unanimously adopting the Findings and Recommendations of the Hearing Body. The Hearing Body accepted a Stipulation and Consent to Discipline, executed by Vivian E. Berg, Disciplinary Counsel, and by Cheryl L. Schubert–Madsen, agreeing that Schubert–Madsen be suspended from the practice of law for three years and that she pay the reasonable costs and expenses of the disciplinary proceedings. Schubert–Madsen was previously suspended on an interim basis, effective November 10, 1994.

The Stipulation admits that Schubert–Madsen was retained by Lauri Hanson, who paid a $250 retainer and an additional $80 filing fee to Schubert–Madsen for work on a child support matter. Schubert–Madsen did not respond to telephone calls or correspondence. Hanson eventually retained the services of another lawyer to complete the work Schubert–Madsen was retained to perform. Hanson agreed to and received $200 restitution. Schubert–Madsen admits violations of Rules 1.1 and 1.3, NDRPC, by failing to proceed competently and with reasonable diligence, and 1.4, NDRPC, by failing to make reasonable efforts to keep Hanson informed and to comply with requests for information.

Schubert–Madsen further acknowledges that she was responsible for deposits into business and trust accounts of the law firm Nelson, Schubert, McKechnie, and Madsen of Grand Forks, North Dakota. Schubert–Madsen admits skimming deposits intended for firm business and trust accounts. Restitution of $4000 has been made to the firm. Schubert–Madsen admits violations of Rules 1.15(a), NDRPC, which provides for safekeeping of property of clients or third persons, and 8.4(d), NDRPC, and § 27–14–02(7), NDCC, concerning acts that bring reproach upon the legal profession, and Rule 1.2(A)(3), NDPRLDD, as conduct involving dishonesty, fraud deceit or misrepresentation.

Schubert–Madsen further acknowledges representation of John Iverson on matters of visitation and child support. Schubert–Madsen agrees that she met with Iverson as well as prepared papers and made appearances on his behalf; however, she admits that she did not file a motion she told Iverson she would file and she was unprepared at a court appearance. Schubert–Madsen admits violations of Rules 1.1 and 1.3, NDRPC, in failing to proceed competently and with reasonable diligence, and 1.4, NDRPC, in failing to make

reasonable efforts to keep Iverson informed and to comply with requests for information.

The Stipulation agrees that mitigating circumstances exist, namely that Schubert–Madsen could not handle the practice of law and sought treatment for depression. The Supreme Court considered the matter, and

ORDERED, that the Report of the Disciplinary Board, Findings and Recommendations of the Hearing Body, and the Stipulation and Consent to Discipline be approved.

IT IS FURTHER ORDERED, that Cheryl L. Schubert–Madsen be suspended from the practice of law for a period of three years from the date of filing of this Order; and

IT IS FURTHER ORDERED, that Ms. Schubert–Madsen pay the reasonable costs and expenses of the disciplinary proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board.

/s/ Gerald W. Vande Walle
GERALD W. VANDE WALLE
Chief Justice

/s/ Herbert L. Meschke
HERBERT L. MESCHKE
Justice

/s/ Beryl J. Levine
BERYL J. LEVINE
Justice

/s/ William A. Neumann
WILLIAM A. NEUMANN
Justice

/s/ Dale V. Sandstrom
DALE V. SANDSTROM
Justice